## Dobbins Estate

Before Klein, P. J., Bolger, Hunter, Lefever, Saylor and Shoyer, JJ.

*Drinker, Biddle & Reath* by *John Mulford*, for exceptant.

*MacCoy, Evans & Lewis* by *Richard W. Ledwith*, contra.

Adjudication by Klein, P. J., June 7, 1955.

\*      \*      \*      \*      \*

The fund presently accounted for was awarded to the present accountant by adjudication of this Court dated January 29, 1930, in trust for Women's Homeopathic Association of Pennsylvania, and the occasion of the filing of the present account is stated to be the dissolution of Women's Homeopathic Hospital of Philadelphia, the income beneficiary of the trust, whereupon, it became necessary for the auditing judge to determine who is entitled to the income heretofore

received by Women's Homeopathic Association of Pennsylvania. By decree of this Court, dated May 23, 1952, Samuel R. Rosenbaum was appointed amicus curiae with power of a master to report his findings and recommendations concerning the administration or distribution of the trust.

The master duly advertised his appointment and informed all of the applicants that the entry of an appearance before him "would be sufficient to constitute the filing of a claim." Appearances were entered on behalf of forty-three organizations. Many hearings were held by the master, during the course of which twenty of the claimants withdrew their appearances.

On March 21, 1955, the master filed this report with the auditing judge, together with a supplemental report, invoking the doctrine of cy pres and recommending an award of the income of the trust, accrued and accruing, from and after August 16, 1951, to Woman's Hospital of Philadelphia, to be used to render hospital care to women and children through free beds to be known as the "Edward T. Dobbins beds".

We will not consider the merits of the claims of the numerous institutions and organizations which presented claims but did not file objections to the findings and conclusions of the master as set forth in his report. All such claims will be regarded as having been withdrawn or abandoned.

Prior to the adoption of the revised Philadelphia Orphans' Court Rules which became effective January 1, 1955, our practice required all parties dissatisfied with a master's recommendations to file exceptions with the master, who was thereupon obliged to re-examine the subject and file a supplemental report, setting forth his reasons for sustaining or dismissing each exception. Under our new rules this practice is retained, except in cases such as the present where the

master has been appointed by an auditing judge to assist him in the audit of an account or by a hearing judge to whom a case has been specially assigned. Rule 76(c) provides that objections to the report of a master appointed in this manner shall be filed with the appointing judge, who shall make such disposition as he deems proper.

Samuel R. Rosenbaum, the master in the present case, was appointed prior to the effective date of the new rules but filed his report subsequent to that date. With the sanction and approval of the auditing judge, he followed the practice laid down under the old rules.

Three claimants, American Foundation for Homoeopathy, Inc., Hahnemann Medical College and Hospital, and the Hospital of the Woman's Medical College of Pennsylvania, filed formal written exceptions with the master. They were all dismissed by him in his supplemental report. These exceptions will be considered as objections filed with the auditing judge and will be disposed of in this adjudication. . . .

\* \* \* \* \*

(Salient parts of the Adjudication by Klein, P. J., will be found in the Opinion by Hunter, J., which follows.)

\* \* \* \* \*

HUNTER, J., November 18, 1955.—Mary A. Dobbins died January 27, 1929, and by the twenty-fourth (III) item of her will, in the exercise of a power of appointment vested in her by the will of her brother, Edward T. Dobbins, she gave, inter alia, $100,000 to the Pennsylvania Company, in trust, to pay the income to the Womens Homeopathic Association for the uses and purposes of their hospital, to "keep free beds to be known as the Edward T. Dobbins beds." The funds of the estate abated, and there is now in the hands of the trustee some $70,000 principal and $10,000 income.

766

The Women's Homeopathic Hospital is defunct, and the question is the institution which is best qualified to receive the income of the trust, cy·pres.

Appearances were entered before the master on behalf of 43 claimants. Many claims were withdrawn, or were eliminated by the ruling of the master that "claimants other than those of the type generally described as women's hospitals are not eligible to be considered for this award".

The master, having reduced the number of claimants to two, found that the Woman's Hospital of Philadelphia, at Preston and Parrish Streets, West Philadelphia, and the Hospital of Woman's Medical College of Pennsylvania, at Henry Avenue and Abbottsford Road, Philadelphia, were each qualified by size, efficiency and character, to accept and carry out the Dobbins bequest. See master's findings of fact nos. 14 and 15.

The master recommended that award be made to the first named of these institutions, the Woman's Hospital of Philadelphia.

In making this selection, the master was influenced by the fact that the Woman's Hospital of Philadelphia was successor by merger to the West Philadelphia Hospital for Women, which was one of the beneficiaries named by Mary A. Dobbins in her will (master's conclusion of law no. 25); whereas, the testatrix having also made the Woman's Medical a beneficiary of the income of $100,000, later by codicil revoked the bequest, at a time in 1917 when she was a member of the board of managers and had tendered her resignation because of a disagreement (master's conclusion of law no. 24).

The master said, at page 107 of his report:

"Having set her mind against Woman's Medical and expressed her disapproval by the revocation of so substantial a bequest without later restoring it during

her remaining twelve years of life (she died at age 78), it is the Master's view that it is not now possible to find that her interest, as reconstructed in cy pres for her, would today include the selection of Woman's Medical to carry on where Women's Homeopathic left off."

Klein, P. J., the learned auditing judge, said:

"The Auditing Judge agrees fully with this statement. The disherison of Woman's Medical evidences her displeasure with that institution and indicates strongly that she would not wish it to receive any benefits under her will. In the opinion of the Auditing Judge, it is implicit in this circumstance that Woman's Medical can receive no benefits from this estate, directly or indirectly, by cy pres or otherwise, so long as another women's hospital functions in this community, ready, able and willing to carry on the responsibilities of the defunct hospital designated in the will.

"The fact that the successful claimant was regarded favorably by the testatrix, combined with the revocation of the gift to the objectant, is, in the view of the Auditing Judge, an incontrovertible answer to the latter's claim."

The exceptant also contends that the financial condition of the successful claimant, the Woman's Hospital of Philadelphia, is precarious. The Dobbins bequest is of income, not principal, and amounts to $2500 on a principal of some $70,000 plus.

In making the award of income, the auditing judge has added the following to the adjudication: ". . . with the provision, however, that if the trustee should ever be notified that the Woman's Hospital of Philadelphia has lost its character, as, or merged with another hospital which is not, primarily a 'woman's' hospital, the trustee shall, after ascertaining that it is the fact, suspend payment of such income and petition this Court for further directions."

We believe, as did the auditing judge and master, that this provision sufficiently protects the future income of the fund.

We have examined this voluminous record with care, and are satisfied that the findings and conclusions of the master and auditing judge are correct, and that nothing more need be added to what they have so well said.

The exceptions are dismissed and the adjudication is confirmed absolutely.